UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KEVIN DENNIS-PALMER, Sr.

    JUDGE BRODERICK

               Plaintiff,

-against-

THE CITY OF NEW YORK; POLICE
SERGEANT BURT ANTOINE, Shield No. 01082;
POLICE OFFICER RYAN MONTELEONE,
Shield No. 13366; JOHN DOES; and RICHARD
ROES,

               Defendants.

------------------------------------------------------------X

14 CV 3330

**COMPLAINT**

**JURY TRIAL DEMANDED**



RECEIVED MAY 0 3 2014 U.S.D.C. S.D.N.Y.

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff KEVIN DENNIS-PALMER, Sr. seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

1

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on March 18, 2013. More than 30 days have elapsed since service of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff KEVIN DENNIS-PALMER, Sr. was at all times relevant herein a resident of the State of New York, Kings County. Plaintiff is African-American.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police

Department.

9. Defendants POLICE SERGEANT BURT ANTOINE, POLICE OFFICER RYAN MONTELEONE, and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE SERGEANT BURT ANTOINE, POLICE OFFICER RYAN MONTELEONE, and JOHN DOES are sued individually.

10. Defendants POLICE SERGEANT BURT ANTOINE and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise

performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE SERGEANT BURT ANTOINE and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11. On February 9, 2013, approximately 11:30 p.m., Plaintiff had just returned from work to the front of his home at 428 Sheffield Avenue, Brooklyn, NY, and was trying to parallel park his car.

12. Plaintiff was in the process of trying to parallel park his car when heard a police siren and saw police lights that he could tell were directed at him.

13. Plaintiff had not violated any traffic, or other, laws.

14. Plaintiff's car had window tint, but it was, on information and belief, not tinted beyond lawful limits.

15. Plaintiff turned on the interior light in his car, and took out his phone in order to film his interaction with the police.

16. Defendants POLICE SERGEANT BURT ANTOINE and POLICE OFFICER RYAN MONTELEONE approached Plaintiff's car.

17. Plaintiff held his phone up in front of his body in order to film his interactions with the police.

18. Plaintiff's filming was not obstructing the exercise of any of the police officers' lawful duties.

19. Defendant MONTELEONE asked for Plaintiff's license and registration.

20. Plaintiff asked politely why he had been "pulled over" (i.e., why the police were

4

approaching him - he was already stopped and in the process of trying to park his car).

21. Defendant MONTELEONE told Plaintiff that Plaintiff needed to first turn over his license and registration, and then the police would tell Plaintiff why they had stopped him.

22. Defendant MONTELEONE was speaking to Plaintiff with harshness and aggressiveness.

23. The officers purposely shined their flashlights onto Plaintiff's phone and shook their flashlights in order to thwart Plaintiff's attempts to video-record their shield numbers.

24. Plaintiff went to get his wallet from his pocket to provide documentation to the officers.

25. Plaintiff is a large man, and it took a few attempts for him to be able to get his wallet from his right pocket in the cramped space of the car.

26. When Plaintiff got his wallet from his pocket, he tried to give his driver's license to the officers.

27. Plaintiff, still seated in the driver's seat of his car, extended his driver's license across his chest with his right hand to try to provide it to the officers, and continued trying to film his interactions with his phone in his left hand.

28. Without warning, and without lawful justification, one of the officers – either Defendant ANTOINE or MONTELEONE – said for Plaintiff to step out of the car, and began to pepper spray Plaintiff without giving him the opportunity to step out of the car.

29. An NYPD Treatment of Prisoner form states that "Sgt. Antoine discharged OC [pepper] spray into Perp's eyes."

30. The officers slapped Plaintiff's phone out of his hands, and attempted to pull

Plaintiff through the car window by the collar of Plaintiff's shirt.

31. Plaintiff's seat belt was still on, however, so Plaintiff could not be pulled out of his seat.

32. Plaintiff was telling the officers that he was stuck in the car, and that he could not get out.

33. After pulling futilely on Plaintiff for some time, the officers stopped pulling, and Plaintiff was able to press the car's start / off button that slides his seat back and lifts up the steering wheel, and to unbuckle his seat belt, and to step out of the car.

34. Plaintiff stepped out of the car with his hands up, in an entirely non-threatening and non-aggressive manner.

35. Without warning, and without lawful justification, one or more of the officers then present at the scene – either Defendant ANTOINE or MONTELEONE, or other JOHN DOES officers who had arrived at the scene – grabbed Plaintiff and slammed him violently to the street.

36. Plaintiff's face struck the pavement.

37. A number of JOHN DOES officers – on information and belief including Defendants ANTOINE and MONTELEONE - jumped on top of Plaintiff, who was not struggling or resisting them.

38. One of the JOHN DOES officers was lifting Plaintiff up by his neck, and choking Plaintiff.

39. Plaintiff was also struck on the head and on the back by the JOHN DOE officers, and otherwise manhandled.

40. Plaintiff, who suffers from asthma, was having difficulty breathing, and screamed.

41. The only time Plaintiff screamed was while the police were attacking him.

42. Plaintiff was telling the officers that he had asthma and that he could not breathe.

43. Plaintiff at no point resisted the police.

44. The officers rear-handcuffed Plaintiff, and put Plaintiff in a police vehicle.

45. The handcuffs were placed on Plaintiff with an excessive tightness.

46. Plaintiff was taken to the NYPD 75th precinct by two JOHN DOES Officers.

47. Other JOHN DOES Officers also took Plaintiff's car to the police precinct.

48. At the precinct Plaintiff made multiple requests for medical assistance, and complained that his handcuffs were painfully tight.

49. No medical assistance was provided to Plaintiff by the JOHN DOES Officers at the precinct, and they left Plaintiff in the excessively tight handcuffs without loosening them for a period of time.

50. The JOHN DOES Officers at the precinct told Plaintiff that if he persisted in requesting medical attention, they would slow down his processing.

51. After being held at the precinct for some time, Plaintiff was taken to Central Booking.

52. Plaintiff was arraigned and released on his own recognizance at approximately 5 p.m. on February 10, 2013.

53. Plaintiff was charged with Improper or Obstructed Windshield or Side Window in violation of Vehicle and Traffic Law § 375 (12-A)(A), Obstructing Governmental Administration in violation of Penal Law § 195.05, Resisting Arrest in violation of Penal Law § 205.30, and Disorderly Conduct in violation of Penal Law § 240.20(1).

54. The Criminal Court Complaint lodged against Plaintiff is signed by Defendant MONTELEONE, and falsely alleges that he conducted a car stop due to alleged illegal window tints on Plaintiff's car, and that when Plaintiff was asked multiple times for driving credentials, Plaintiff refused to provide them. Defendant MONTELEONE also falsely alleges in the Criminal Court Complaint that he requested and ordered Plaintiff to step out of the vehicle, and that Plaintiff refused, and that as Defendant MONTELEONE went to take Plaintiff out of the vehicle and arrest Plaintiff, that Plaintiff struggled with Defendant MONTELEONE, and flailed his arms, and yelled and screamed at Defendant MONTELEONE.

55. Defendant ANTOINE is listed on the police arrest paperwork as the "Supervisor Approving" Defendant MONTELEONE's false narrative, which on the police paperwork also falsely alleges that Plaintiff's conduct caused a crowd to gather.

56. Plaintiff had to return to court once, at which time all charges against him were dismissed by way of adjournment in contemplation of dismissal.

57. Plaintiff's phone was missing from his car when Plaintiff got his car back.

58. Plaintiff's phone has never been returned to Plaintiff.

59. Plaintiff's phone was stolen from Plaintiff by Defendants.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

60. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

61. By their conduct and actions in seizing plaintiff, converting plaintiff's property,

8

falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, maliciously prosecuting plaintiff, abusing process against plaintiff, trespassing upon plaintiff, violating and retaliating for plaintiff's exercise of his rights to free speech and assembly (including the right to video-record the police), violating rights to equal protection of plaintiff, violating rights to due process of plaintiff, fabricating evidence / false statements against plaintiff, destroying exculpatory evidence, endangering plaintiff's health and welfare, failing to provide medical care for plaintiff, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, POLICE SERGEANT BURT ANTOINE, POLICE OFFICER RYAN MONTELEONE, JOHN DOES and/or RICHARD ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

62. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

63. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

9

64. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants POLICE SERGEANT BURT ANTOINE and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

65. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

66. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

67. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

68. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices,

customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

69. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had <u>de facto</u> policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

70. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech and association in a manner that affronts police officers or is interpreted by police officers as challenging their authority or observing or documenting their activities, including photographing or video-recording their activities. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

71. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had <u>de facto</u> policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and frisks, which are implemented disproportionately upon people of color. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

72. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

73. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

74. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

75. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

76. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

77. By the actions described above, defendants did inflict assault and battery upon the plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and

damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

78. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

79. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

80. By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

81. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

82. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

83. By the actions described above, defendants violated plaintiff's rights to equal

protection of law. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

84. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### VIOLATION OF AND RETALIATION FOR THE EXERCISE OF RIGHTS TO FREE SPEECH AND ASSEMBLY

85. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

86. By the actions described above, defendants violated, and retaliated for the exercise of, the free speech and assembly rights of plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

87. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### ABUSE OF PROCESS

88. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

89. By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

90. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

## TRESPASS

91. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

92. The defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

93. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

15

94. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

95. By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

96. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

## NEGLIGENCE

97. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

98. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

99. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM

**NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING**

100. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

101. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

102. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTEENTH CLAIM

## CONSTITUTIONAL TORT

103. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

104. Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 11 and 12 of the New York State Constitution.

105. A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

106. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## **FIFTEENTH CLAIM**

## **CONVERSION**

107. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

108. Through their actions in causing a serious interference with, and/or in seriously interfering with, plaintiff's right of possession in his property, and/or in exercising unauthorized possession and/or ownership over plaintiff's property, defendants wrongfully converted plaintiff's property. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

109. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:     New York, New York
           May 7, 2014

_____
JEFFREY A. ROTHMAN, Esq.
315 Broadway, Suite 200
New York, New York 10007
(212) 227-2980

Attorney for Plaintiff